MORRIS ELBERT MCDONALD V. STATE.

No. 30,796. June 27, 1959.
State's Motion for Rehearing Overruled October 21, 1959.

*Bill Auger,* Fort Worth, for appellant.

*Doug Crouch,* Criminal District Attorney, *J. Elwood Winters, Frank Coffey,* Assistants Criminal District Attorney, Fort Worth, and *Leon Douglas,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is a conviction for robbery, with punishment assessed at twenty-five years' confinement in the penitentiary.

The question determinative of this appeal relates to the action of the trial court in overruling appellant's motion for new trial based upon newly discovered evidence.

The matter is fully presented in Bill of Exception No. 1, which the trial court approved and ordered filed as a part of the record in this case.

It would serve no useful purpose to set out at length the bill of exception.

In his brief, appellant pertinently, succinctly, and correctly sets forth the certificates contained in the bill of exception, as follows:

"1. The Court certified that the testimony of Miss Patsy Tomlin is material, not merely cumulative, corroborative or impeaching, and would probably produce another and different result on another trial.

"2. The Court certified that both the Defendant and his counsel were ignorant of the existence of the time sheet record kept by Patsy Tomlin, showing the Defendant at work at the time of the robbery, and the testimony of Patsy Tomlin, corroborating such facts, and that such was not the result of want of diligence on the part of the Defendant or his counsel.

"3. The Court certified that Patsy Tomlin was not present in the court room, when the case was tried; that she was not subpoenaed; and that she did not testify, either for the State or for the Defendant, at said trial of this case.

"4. The Court certified that Patsy Tomlin did not know that the Defendant was in trouble, until she read of it in the newspaper, while on a visit to her mother's home. That Defendant's court-appointed attorney, during the morning of the one day in which he had to prepare the case for trial, talked to all of the people that he thought might know something about the case, in an effort to discover some fact or testimony which might be material or pertinent to the trial of this case, but through such efforts, the attorney failed to discover any evidence which is now available through the witness Patsy Tomlin. Defendant says that, except for the fact that Patsy Tomlin told Mr. McDonald, this Defendant's father, about the newly discovered evidence, after the trial, he would never have known or been able to determine, that a payroll time sheet record existed, showing that the Defendant was on the job the night of August 4th, 1957, at the very time that the alleged robbery was supposed to have been committed by said Defendant. The payroll sheet, and the testimony of Patsy Tomlin—who was in charge of this particular part of the business—are now available to the Defendant, and that said newly discovered material evidence would probably cause another and different jury to render a different verdict, more favorable to the Defendant."

When the trial court approved the bill of exception, he certified that error was committed in overruling the motion for new trial, because every element necessary to warrant or require the granting of a new trial on account of newly discovered evidence is thereby certified as true and existing. Henson v. State, 150 Texas Cr. Rep. 344, 200 S.W. 2d 1007.

Under the certificates contained in the bill of exception we have no alternative other than to reverse the conviction and remand the case for a new trial.

It is so ordered.